**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HECTOR SALVATORI,**

      **Plaintiff,**

                                **Civil Action 2:23-cv-3750**
      **v.**                             **Judge James L. Graham**
                                **Magistrate Judge Elizabeth P. Deavers**

**DIRECTOR US JADDOU,**
*et al.,*

      **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

On November 7, 2023, Plaintiff, through counsel, filed his Complaint for Declaratory Review Under the Administrative Procedure Act & For a Writ in the Nature of Mandamus against Ur Jaddou, the Director of the United States Citizenship and Immigration Services and Merrick Garland, United States Attorney General.  (ECF No. 1.)   Plaintiff sought, among other relief, an order directing Defendants to create an interview date for him within 30 days of the order and to issue a decision following his interview within 30 days of the interview date.

When service was not completed within 90 days, the Court issued a Show Cause Order directing Plaintiff to show cause within fourteen days why the action should not be dismissed and why an extension of time to effect service should be allowed.  (ECF No. 8.)   Plaintiff responded by requesting an extension of time in which to complete service.  (ECF No. 9.)   On April 1, 2024, summons was returned executed as to Merrick Garland reflecting a service date of February 14, 2024.  (ECF Nos. 11, 13.)  That same date, summons was returned unexecuted as to Ur Jaddou.  (ECF No. 12.)  Accordingly, the Court issued another Show Cause Order relating to Director Jaddou.  (ECF No. 14.)  Plaintiff did not respond to the Court's second Show Cause

Order.  Thus, on May 6, 2024, the Court issued a Status Report Order, noting that this case had been pending for six months with minimal attention from Plaintiff.  (ECF No. 15.)  The Order specifically stated:

> …Plaintiff is **ORDERED TO FILE A WRITTEN STATUS REPORT WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER** advising the Court as to the status of this case unless an appropriate dismissal entry has been filed in the interim.  Plaintiff's failure to respond to this Status Report Order **will** result in the recommendation that this case be dismissed with prejudice for failure to prosecute.

(*Id.*)  To date, Plaintiff has not responded to the Court's Status Report Order.

Under the circumstances present here, the Undersigned recommends dismissal of Plaintiff's action pursuant to Federal Rule of Civil Procedure Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties."  *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's two most recent orders directing him to show cause why this action should not be dismissed or otherwise advise the Court of his intention to proceed. Indeed, in its Status Report Order dated May 6, 2024, the Court expressly cautioned Plaintiff that failure to comply with the Order would result in dismissal for failure to prosecute. (ECF No. 15.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiff's failure to timely comply with the Court's orders constitutes bad faith or contumacious conduct. *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has disregarded two court orders, the Court concludes that no alternative sanction would protect the integrity of the pretrial process. However, given the Court's substantial discretion regarding decisions to dismiss for failure prosecute, the Undersigned recommends the more lenient sanction of dismissal without prejudice.

It is therefore **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

3

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court.   Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date:  June 27, 2024**                    */s/ Elizabeth A. Preston Deavers*
                                             **ELIZABETH A. PRESTON DEAVERS**
                                             **UNITED STATES MAGISTRATE JUDGE**